T. W. Meek Director Texas National Guard Armory Board West Austin Station Austin, Texas 78763
Re: Availability of personnel files under Open Records Act
Dear Mr. Meek:
You have requested our opinion on the standards for releasing under the Open Records Act personnel file information held by your agency. You have submitted sample files which contain, inter alia, applications for employment, illness and injury reports, letters of reprimand and commendation, staff memoranda and copies of agency regulations, records of salary changes, requests for promotion, notices of resignation, W-4 forms and complaints filed with the Equal Employment Opportunity Commission.
Section 3(a)(2) of the Open Records Act excepts from disclosure:
 information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. . . .
Section 3(a)(1), on the other hand, recognize constitutional and common law privacy. We have frequently considered the scope of each of these standards. See, e.g., Open Records Decision Nos. 269, 268, 264 (1981); 262, 260, 257 (1980). We have thoroughly examined all documents in each of these files, and, as in Open Records Decision No. 260, we do not believe that any of them satisfy the requirements imposed for constitutional, common law or employee privacy. However, were any such records to include information excepted by a right of privacy, it should be withheld in accordance with the standards articulated in Open Records Decision No. 262. In addition, the W-4 forms are excepted from public disclosure by federal law. See 26 U.S.C. § 6103(a)(2), (b)(2)(A), (p)(8). See also Attorney General Opinions H-1274
(1978); H-1070 (1977). Otherwise, none of the information of the type you have submitted is ordinarily excepted from disclosure under sections 3(a)(1) or 3(a)(2) of the act.
Section 3(a)(11) excepts:
 inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than one in litigation with the agency.
Section 3(a)(11) has long been construed to except only those portions of a document which consist of advice, opinion and recommendations. Severable facts may ordinarily be revealed. Open Records Decision Nos. 273 (1981); 239 (1980). The purpose of 3(a)(11) is:
 to protect from disclosure advice and opinion on policy matters and to encourage open and frank discussion between subordinate and chief concerning administrative action.
Attorney General Opinion H-436 (1974). See also Open Records Decision Nos. 174 (1977); 128 (1976); 86 (1975). In Open Records Decision No. 239 (1980), for example, we held that a college president's recommendations to the Board of Regents regarding faculty tenure were excepted under section 3(a)(11).
In our opinion, those personnel files submitted to us which consist of recommendations for promotion, letters of reprimand and letters of commendation fall within this category.
 SUMMARY
With certain stated exceptions, material in personnel files submitted by the National Guard Armory Board is ordinarily available to the public under the Open Records Act.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General